PEOPLE *v.* GIBSON.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. ABDUCTION—EVIDENCE—PROOF OF SIMILAR OFFENSES.
    In a prosecution for abduction, the people cannot in the first instance, and for the purpose of making out a *prima facie* case, show that girls other than the person claimed to have been abducted were seen to visit defendant's room.

2. CRIMINAL LAW—EVIDENCE—CHARACTER—PARTICULAR FACTS.
    In a criminal prosecution, where a witness is called to rebut evidence of defendant's good character, it is error to allow the people to interrogate the witness with regard to the particulars upon which he founds his opinion as to defendant's reputation.

Appeal from court of general sessions, New York county.

Prosecution of John J. Gibson for having abducted one Emma Roshore, a female under the age of 16 years. The defendant was convicted of the crime charged, and he appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Peter Mitchell,* for appellant. *McKenzie Semple,* for respondent.

VAN BRUNT, P. J. Although it may be doubtful whether the evidence in this case was sufficient to justify a conviction, it is not necessary for the disposition of this appeal to determine this question. There seem to have been errors committed in the admission of evidence which were necessarily injurious to the defendant, and which call for a new trial. Upon the trial of the defendant, before the prosecution had rested their case, a witness was examined upon the part of the people, and was asked the following question: "During the month of November did you or did you not see any young girls upon many occasions visit the rooms of the prisoner?" This was objected to as incompetent and irrelevant. The objection was overruled, and an exception taken. The witness answered that he had. He was further asked, "What time of day?" which was duly objected to. He answered: "I can't exactly say what time of day, but I had seen girls." This evidence was clearly incompetent. It is not pretended that the witness saw the person who it is claimed was abducted or harbored, and the defendant was not called upon to meet allegations of this general description. It in no way tended to sustain the charge made against him that he was guilty of the abduction of this particular individual, and it tended to his detriment in the minds of the jury. In the first instance, certainly, the people have no right to prove other criminal acts upon the part of the defendant in order to support the probabilities of the evidence that he has committed this particular act.

Upon behalf of the prisoner a witness was examined for the purpose of proving good character. To rebut this evidence the people called a witness who, after having testified as to the general reputation of the defendant, and also of his estimation of such reputation, was asked for certain declarations made by the defendant to him in respect to his moral character. This was objected to, and overruled. It is a familiar principle of law that, upon the question of reputation, the evidence in chief can be only of a general character, and that the party offering the witness must confine himself to such questions; and that, if the opposite party desires the foundation for such opinion, he may ask for the particulars, but the party proffering the evidence can in no way support the opinion by showing the circumstances upon which it is founded. The attempt to show upon what the witness Morris founded his opinion as to the reputation of the defendant upon the part of the people, he being their witness, was clearly improper, and prejudicial to the defendant, and the exception to such evidence was well taken.

There is another error which seems to be even more glaring than either of those that have been mentioned. The witness Stocking was examined upon the part of the people in rebuttal as to the reputation of the defendant, and, after having testified generally, he was asked whether he had not heard him called certain names. This evidence was objected to, and he answered that he had heard girls in a certain skating-rink call him the "chippy hunter" and the "skating-rink fiend." This was clearly inadmissible, as already suggested. The witnesses upon the part of the people in the first instance can testify only in rebuttal to the general reputation of the prisoner, and not upon the particular facts upon which it was founded. In fact, in reference to this matter of reputation, the whole of the evidence seems to have been devoted rather to the getting in of evidence of specific facts than of general character, which only was admissible. It may be true that the character of the defendant was a subject of great importance in the consideration of the issues involved in this

case, but that character had to be established by legal evidence, and governed by the ordinary rules relating to the introduction of evidence of reputation. The judgment appealed from must be reversed, and a new trial ordered. All concur.